IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| AMERICAN ECONOMY § <br> INSURANCE COMPANY, § <br>     Plaintiff § <br> § <br> v. § <br> § <br> STEADFAST INSURANCE § <br> COMPANY, § <br>     Defendant § | CIVIL ACTION NO. _____ |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff American Economy Insurance Company ("American Economy") files this Original Complaint for Declaratory Judgment against Defendant Steadfast Insurance Company ("Steadfast") pursuant to 28 U.S.C. §§ 1332 and 2201 and would show the Court as follows:

## I.
## PARTIES

1. Plaintiff American Economy is an insurance company organized under the laws of the State of Indiana and its principal place of business is in Boston, Massachusetts. American Economy Insurance Company is a citizen of the States of Indiana and Massachusetts and not the State of Texas. American Economy was and is duly qualified to do and transact business in the State of Texas and executes and delivers insurance policies throughout Texas, including Cameron County, Texas.

2. On information and belief, Defendant Steadfast is an insurance company incorporated in the State of Delaware with its principal place of business in Dover, Delaware. On information and belief, Steadfast was and is duly qualified to do and transact business in the State of Texas and executes and delivers insurance policies in counties throughout Texas,

including Cameron County, Texas. Steadfast may be served with process through its registered agent for service, Corporation Service Company, 211 East 7th St., Suite 620, Austin, Texas 78701-3218. American Economy requests that citation be issued and served upon this defendant.

## II.
## JURISDICTION AND VENUE

3. This declaratory judgment suit is filed under the authority of 28 U.S.C. § 2201. This suit is within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. American Economy seeks a declaration of the rights and duties of the parties under liability insurance policies issued by American Economy and Steadfast concerning the defense and indemnity of their insured Enriquez Enterprises, Inc. d/b/a Valley Building Construction Co. (hereinafter, "Enriquez") in a suit styled *San Benito Consolidated Independent School District v. Enriquez Enterprises, Inc. et al.,* Cause No. 2012-DCL-04738-A (Downes Elementary), 107th Judicial District Court of Cameron County, Texas (the "Underlying Suit"). By order dated June 28, 2012, the Underlying Suit was severed from a construction defect lawsuit filed by the San Benito Independent School District ("San Benito"). See Exhibit "A" attached.

4. The amount in controversy includes the cost of defending Enriquez and paying a settlement in the Underlying Suit, which exceed the minimum jurisdictional limits of this Court. The limits of all policies at issue are $1,000,000 for each occurrence. American Economy funded the defense and indemnified Enriquez in the Underlying Suit and now seeks reimbursement of those defense/indemnity costs in addition to attorneys' fees and costs in connection with the prosecution of this declaratory action.

5. Venue is appropriate in the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. § 1391(b)-(d), because Steadfast is subject to the personal jurisdiction of this Court, and is therefore deemed to reside in this district. Additionally, a substantial part of the events giving rise to this claim occurred in Cameron County, Texas where the Underlying Suits were filed.

6. All persons having an interest in the outcome of this litigation have been joined as parties. There is no other pending legal action seeking to adjudicate the rights of the parties.

7. An actual controversy of a justiciable nature exists between American Economy and Steadfast regarding the rights and responsibilities of American Economy under its policies issued to Enriquez and the rights and responsibilities of Steadfast under its policies issued to Enriquez in connection with the Underlying Suit.

## III.
## APPLICABLE POLICIES

8. American Economy insured Enriquez under three liability commercial general liability ("CGL") policies numbered 02CC819955, 02CD102337, and 02CE015546 effective from January 10, 1999 through February 10, 2004 (the "American Economy Policies"). The American Economy Policies have limits of $1 million per occurrence. American Economy defended Enriquez in the Underlying Suit pursuant to the American Economy Policies.

9. Steadfast issued Enriquez at least one CGL policy numbered SCO9024979-00 for policy period February 10, 2004 to February 10, 2005. Enriquez tendered its defense of the Underlying Suit to Steadfast, but Steadfast repeatedly and wrongfully refused to defend Enriquez and did not pay any amount towards Enriquez's defense or indemnity.

## IV.
## BACKGROUND

10. The Underlying Suit was a construction defect case involving the alleged poor construction and maintenance of the Ed Downes Elementary school in San Benito, Texas. In the Underlying Suit, project owner San Benito Independent School District sued various contractors, including Enriquez, in connection with the Project. See Exhibit "B" attached.

11. The Petition in the Underlying Suit alleges that San Benito hired Enriquez as general contractor to perform the renovations, which included remodeling the Ed Downes Elementary School. Plaintiff's Thirteenth Amended Original Petition in Cause No. 2012-DCL-4738-A ("Downes Petition") alleges a negligence cause of action against Enriquez in connection with construction of Downes Elementary. Ex. B at 2, ¶ IV. The Downes Petition alleges defective construction and workmanship in the installation of bay windows, inadequate and improper site grading, and incorrectly installed and missing flashing. *Id*.

12. The Downes Petition also allege causes of action against Enriquez for breach of contract, implied warranty, and joint and several liability. See Ex. B at 3, ¶¶ V, VI, and VII. The Petition further alleges that the faulty work of Enriquez, among others, resulted in past and future actual damages, including "damage to school district property caused by water intrusion," damage "to other portions and contents of Plaintiff's building separate from the remedial cost damages caused by Defendant's negligent work," and "reasonable and necessary costs to provide an alternative facility during the time period [the] subject building [was] unusable." See Ex. B at 3, ¶ IX.

## V.
## CAUSES OF ACTION

13. This action is necessary to determine whether Steadfast had a duty to defend and indemnify Enriquez in the Underlying Suit. American Economy requests a declaration that Steadfast had a duty to defend and indemnify Enriquez in the Underlying Suit under its Policies. American Economy seeks to recover from Steadfast a portion of the costs American Economy has incurred in defending and indemnifying Enriquez in the Underlying Suit in addition to the costs and attorneys' fees incurred in bringing this action for Steadfast's breach of contract pursuant to Texas Civil Practice and Remedies Code section 38.001 *et seq*. American Economy is entitled to such damages as Enriquez's subrogee.

    **A.**    **Breach of Contract/Contractual and Equitable Subrogation as to Steadfast.**

14. On information and belief, the Steadfast Policy provides commercial general liability coverage under Form STF-CGL-111-CCW (7/98), a standard form. On information and belief, the Steadfast Policy provides coverage as follows:

    a.    [Steadfast] will pay those sums that the insured becomes legally obligated to pay as "damages" because of . . . "property damage" to which this insurance applies. [Steadfast] will have the right and duty to defend the insured against any "suit" seeking those damages.

        \* \* \*

    b.    This insurance applies to . . . "property damage" only if:

        (1)    The . . . "property damage is caused by an "occurrence" that takes place in the "coverage territory."

        (2)    The . . . "property damage" occurs during the policy period . . . .

15. Steadfast thus agreed to defend Enriquez against suits that potentially seek damages because of "property damage" caused by an "occurrence" within the terms and

conditions of the Policy. The allegations in the Underlying Suit triggered Steadfast's obligation to defend and indemnify Enriquez under Texas law. Among other things, the Downes Petition alleges "property damage," as defined in the Steadfast Policy, to tangible property outside the scope of Enriquez's work on the Project, as well as damage composed of loss of use of tangible property. Thus, the Underlying Suit alleges property damage caused by an occurrence within the meaning of the Steadfast Policy and under the holding in *Lamar Homes, Inc. v. Mid-Continent Casualty Co.,* 242 S.W.3d 1, 8 (Tex. 2007).

16. Further, the allegations of "property damage," as defined in the Steadfast Policies, to tangible property outside the scope of Enriquez's work on the Project precludes the application of policy exclusions in the Steadfast Policy.

17. Enriquez duly performed every covenant and satisfied every condition required of it under the Steadfast Policy. In the alternative, Enriquez was excused from performing any covenant it has not performed and was excused from satisfying any condition it has not satisfied as a result of Steadfast's breach of its own duties under its Policy, including its duty to defend Enriquez.

18. Steadfast refused to acknowledge its contractual obligations to defend Enriquez in the Underlying Suit and refused to pay or reimburse any amount in the defense of Enriquez. Steadfast has admitted that it did not defend or contribute to the defense of Enriquez and disputes that it owes any duties of defense or indemnity to Enriquez in connection with the Underlying Suit. Each and every such refusal to defend constitutes a breach of Steadfast's contractual duties under the Steadfast Policy.

19. As a direct and proximate result of Steadfast's breaches of its contractual obligations, Enriquez has incurred substantial defense costs and other expenses, in amounts

exceeding the jurisdictional limits of this Court, which have been paid, in whole or part, by American Economy on behalf of Enriquez. American Economy has a right of contractual and equitable subrogation against Steadfast for Steadfast's failure to assume the defense of Enriquez and/or to pay its defense costs and indemnity obligation in connection with the Underlying Suit. As contractual and equitable subrogee of Enriquez, therefore, American Economy is entitled to recover any and all damages caused by Steadfast's breaches of its contractual duties to Enriquez.

20. By breaching its contractual duties, Steadfast has waived defenses under its Policy and the law, and is estopped from asserting that Enriquez has failed to comply with the Steadfast Policy.

21. Because Steadfast refused to assume Enriquez's defense, American Economy, as Enriquez's subrogee, is also entitled to recover its attorneys' fees pursuant to Texas Civil Practice and Remedies Code section 38.001(8).

### B. Declaratory Judgment

22. In addition, pursuant to 28 U.S.C. § 2201, American Economy, as subrogee of Enriquez, is entitled to a Declaratory Judgment holding that Steadfast is obligated to provide the benefits of the Steadfast Policy to Enriquez, including a full defense, payment and/or reimbursement of all or a portion of the defense costs ($4202.28) and indemnity ($175,000.00) that American Economy incurred in connection with the Underlying Suit.

23. Plaintiff American Economy therefore requests a judicial determination of the rights and duties of Steadfast in connection with the Underlying Suit under all policies it issued to Enriquez.

WHEREFORE, PREMISES CONSIDERED, Plaintiff American Economy prays that Defendant Steadfast be cited to appear and answer herein, and that on final hearing American Economy have the following judgment:

1. A declaration that Steadfast had a duty to defend and indemnify Enriquez as a primary insurer for and in connection with the Underlying Suit;

2. An award of the defense costs American Economy incurred to defend Enriquez in the Underlying Suit;

3. A pro-rata award of the indemnity obligation American Economy incurred in connection with Enriquez' defense in the Underlying Suit;

4. Attorneys' fees and costs American Economy has incurred in asserting this declaratory and subrogation action; and

5. Such other and further relief to which American Economy may be entitled, whether at law or in equity.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:  (512) 472-7700
Facsimile:   (512) 472-0205
Dplaut@hannaplaut.com


By:  */s/ David L Plaut*
        David L. Plaut
        Attorney-in-Charge
        State Bar No. 165066030
        Southern District I.D. No. 13353
        Catherine L. Hanna
        State Bar No. 08918280
        Southern District ID:  13577

**ATTORNEYS FOR PLAINTIFF
AMERICAN ECONOMY INSURANCE
COMPANY**